Now going to hear United States v. Davey, No. 24, 3132. Judge Matheson, may it please the court. Dan Hansmeyer on behalf of the appellant. Mr. Davey. So this appeal is about what it means to be an unlawful user of a controlled substance under section 922 G3. So our position is pretty straightforward, I think. We think that an unlawful user is an individual who cannot lawfully use drugs, that their use is prohibited by some law. We get that just from the plain text and how it works grammatically, modifier, what the words mean. Unlawful means prohibited by law. It modifies use. Pretty straightforward. I think that's also consistent with the way the statute works as a whole and how the word unlawful is used repeatedly to mean prohibited by law, which means it should mean prohibited by law in this context and the differences in language between possession and use throughout the statute. Is there any way to use heroin lawfully? So our position is yes, if lawfully is defined the way we define it as prohibited by law. So if there is not a law that prohibits your use, then you have lawfully used it. Well, can you use it without possessing it? Probably not. So you violated the law then, right? So you may have violated some law, yes. Well, you violated federal law. What's that? You would have violated federal law? It is a federal offense to possess a controlled substance, that's correct. So why then wouldn't you be an unlawful user? Because it's not a federal offense to use a controlled substance. How do you use it without possessing it? So you first have to possess it. I don't disagree with that. But that doesn't mean the use is prohibited by law. And I mean, I think that's, I mean, there are statutes that prohibit use. And so therefore, there is a difference between a statute that prohibits use and a statute that prohibits possession. Seems almost like you're trying to split the atom here. Has any court adopted your interpretation? So I think it's an issue of first impression. I don't think anyone's made this argument. So one thing just I want to put out there for your consideration is imagine a jurisdiction that decides that what it wants to prohibit, because remember, this statute applies, you know, 922G, it's not just a federal thing, state laws. So imagine a jurisdiction, any jurisdiction, decides that what we want to prohibit is use. That's what we think is the problem, people using drugs. And we don't really care if they possess them, just don't use them. So that's what they do. They craft a statutory scheme that prohibits use of a controlled substance. Correct, some have. I mean, there are, yeah, but not possession. They're not going to criminalize possession. So imagine that scheme and try to fit it into the way the district court and the government read this statute. It would mean that those people, I think, can possess, are not unlawful users because it's not unlawful to possess. And I think that is just an example of why we think we have the best reading of the way in which Congress wrote this statute. So your argument is that, well, let me ask you this question. Let's bring my wife into it. So hypothetical involving my wife. So my wife, in this hypothetical, she has a prescription for hydrocodone. I go to the pharmacy, fill my ID, pick up her hydrocodone, I drive home. Have I violated the 841? So far, I'm not unlawfully possessing the hydrocodone. I picked it up, preserved the prescription, I'm taking it with my wife, right? Sure. Now I get to the driveway, open the hydrocodone, pop the hydrocodone, I've now used the hydrocodone. So now I've consumed hydrocodone. Have I now committed a violation of the federal drug law for the very first time? I was lawfully possessing it, but am I in violation of a law when I put it in my mouth and consumed it? So I think a jury could convict you based on that. Well, I mean, you're holding it, first of all, so that would be possession. But yeah, I'm holding the, let's say I haven't taken the cap off. Oh, I see what you're saying. Yeah. Because it's your wife. So what I'm trying to get at is, or maybe it's a weird situation, but let's say it seems like there are situations that we can all kind of think of that where it's really not unlawful to possess a controlled substance, but it is, you intuitively violated a criminal law by popping it in your mouth, by consuming it. Okay. And if that's true, does that prevent your argument? It's a very clever argument, but is that King's X? Because that situation is an illustration, is it not, where the consumption of the drug triggers a violation of criminal law for the very first time? I don't think so, because the law you violated is still possession. I mean, what the government has to prove at your trial is that you possess. Now, maybe the evidence of your possession is your use, but that's not the ultimate question that the jury's gonna decide, and maybe the jury decides that your use isn't possession. You can be acquitted in that case. I see, okay. I mean, it really. So the Eighth Circuit has defined unlawful use under this statute as any person who is a current user of a controlled substance in a manner other than as prescribed by a licensed physician. So, doesn't that make sense here? So it does. So that's the ATF definition. And the reason why that doesn't make sense, well, first of all, you shouldn't defer to the ATF's regulation because you don't do that. Well, but it's a reasonable interpretation, isn't it? Well, it's not because the word, that would mean that unlawful in the statute would essentially mean without a prescription. Now, that's not what unlawful means. Well, unlawful just means in violation of law. And if you require a prescription and you don't have it, you're in violation of law. But you haven't used in violation. Unlawful modifies use. And it's not unlawful. So you would have to describe, it would be. Well, here, he's admitted he uses, right? Yes, he's a user. And he doesn't have a prescription to use. Why isn't he an unlawful user? Well, because the meaning of unlawful is prohibited by law, not without a prescription. Well, if the law requires a prescription, well, okay, we're talking to Schedule I. You can't get a prescription for it, right? So there is no lawful use. I guess my bottom line point is that this statute does not tie the phrase unlawful user to the drug prescription regime. It just doesn't do that. And if you want to interpret unlawful to mean without a prescription, think about all of the times Congress used the word unlawful within 922G. You can't talk about prescriptions in that context because the statute wouldn't make any sense. So you run headlong into the consistent and inconsistent usage canon. And it's also. The word is unlawful. Correct. To me, it means you have to decide what is unlawful, which means you have to look at other laws, right? But it modifies user. We know what's unlawful. Use is unlawful, and that has nothing to do with whether there's a prescription or not. I mean, Congress could have. Congress could have cross-referenced the prescription drug scheme. It didn't do that. In fact, it cross-referenced Section 802. It didn't have to cross-reference every statute that would make this use unlawful. Well, I think. I mean, there's other sections of the statute where it specifically says in this section. It didn't do that either. Well, I don't know why it would do that. My basic point is that if there's a specialized meaning of the word unlawful user that relates to prescriptions, there's no indication that Congress meant that in this statute because there is no cross-reference. Well, I'm not arguing it's a specialized meaning. I'm saying there's a general meaning of lawful, which means in violation of law, which tells me I have to look to see are there any laws that are being violated? Yeah, I still think that you're missing the modifier, that it's unlawful user. I mean, I agree that if you just say unlawful in general. Well, in Judge Bacharach's hypothetical, as soon as he swallowed those pills, there's no doubt he's possessing them, right? You can't use a Schedule I substance lawfully. Well, if you define, we're just going around in circles. If you define unlawful in the statute as prohibited by law, then you can't possess lawfully, but you can't. But there's no law that prohibits your use. Well, I guess I'm back to Judge Matheson's comment about we're trying to split an atom. You're gonna have to give me an example of how you can use a Schedule I substance without possessing it. So I can't give you that example. What I can tell you is that this statute uses the words use and possession differently throughout the statute. I think there are 60 times that Congress used some form of the word possess within Section 922. And so it clearly knows the difference between use and possession. And I think if you conflate the two, that's just not the way we interpret statutes. Could I ask you about a couple of Tenth Circuit cases that at least have language, need some response, and you know what they are, I'm sure, but U.S. v. Bennett, where court said regular and ongoing use of marijuana and methamphetamine during the same time period as firearm possession qualifies a defendant as an unlawful user of a controlled substance. Now, I know it's a guideline case, but the reference was an interpretation of this statute. So what's your answer on Bennett? Is it controlling? Why isn't it controlling? The thing with that line of precedent is that this particular issue wasn't raised. And so, yes, that goes to what qualifies as a user. There is a qualification that has to be regular and ongoing. But that case doesn't tell us what that modifier unlawful means. And if you think about, I mean, the government's position is really that once this court interprets a statute, we're done. And that's just not true. I mean, think about how many times, I don't know, take an example, the Supreme Court has interpreted the fraud statute. I mean, there's probably 12 cases of statutory interpretation on the fraud. They don't just stop at the first one and say, oh, that's what everything within the provision means. I mean, we're focused on one word, unlawful, and what it means in the context of the statute. And this court has never told anyone what unlawful does in this statute. And I think if you read those cases about what user means as somehow meaning what unlawful means, it's not accurate because that issue wasn't presented. Let me try another one on you. This is the Rodriguez decision in 2019. Court said, knowing use of a controlled substance supports a charge for possession. Now, whether the case itself is presidential or not, it sort of states the point that if you're using something that supports a charge for something else, why isn't that using of something unlawful? Well, because it's not prohibited by law. It's just not. The possession is the thing that's prohibited and the use supports the charge of possession. I understand. I keep saying the same thing. You do. I can reserve the remainder of my time so I don't keep repeating myself. Okay, thanks. Good morning, your honors. Brian Clark for the United States. May it please the court. Mr. Davies' argument is really quite extraordinary, as your honors have pointed out this morning. He admitted that at the time he was arrested, he was using heroin on a daily basis while he possessed firearms. Yet he argues that he was not an unlawful user of controlled substances in possession of firearms in violation of section 922G3 because it was perfectly lawful for him to be using heroin at the time. But heroin, as you mentioned, Judge McHugh, is a Schedule I controlled substance. There is no lawful use for heroin. So it's not possible that he was a lawful user of heroin. Because he violated, not the criminal prohibition against use, but because he and Rockwell violated the criminal prohibition against possession. That's right. We're relying, correct. And so let's say I have in my pocket a pound of heroin. And so I had violated that law, right? And so now I pop some, I don't know, are you consuming heroin? Let's say I smoked the heroin. Have I violated another law? Is there some other law other than possession that I violated once I exploited the possession by consuming the heroin? No, it's the Controlled Substances Act prohibition on possession that we're relying on to show the unlawfulness. So how in the world do we affirm under G3? Because that is his point. Is that, you know, his point, Rockwell, Bennett, Rockwell at least, is correct. The antecedent act of abuse is possession. And so he's not as understanding. He can tell me if I'm wrong in his rebuttal. But I don't think he's questioning that, that he's violated a criminal law. He's just saying the law doesn't say unlawful possession that you can't possess a firearm if you are an unlawful possessor of heroin. It says unlawful user. And if you can possess heroin without, you know, and then you use it and you're not doing anything other than violating the prohibition against possession. Well, that makes it unlawful, right? The possession, it makes it unlawful to possess. But I think your answer to my question, I don't know how you square your argument with your answer to my question. If I have an illegal substance in my pocket, I've violated the possession law. And then if I use it, I'm not doing anything, there's no count two for unlawful use of the heroin. The count is not unlawful use, it's unlawful possession, possessing, possession. Well, if I said the use was lawful, that is not what I meant to say. What I meant to say is that both acts are unlawful under the same statute. Okay, so back to my hypothetical. So let's say I have marijuana in my pocket. And so I have marijuana in my pocket, so I violated the possession law, right? And so now I smoke the marijuana. Now, can I be subject to a count two for unlawful use of marijuana? Yeah, I haven't studied that, what the- For heroin or cocaine. Right, you know, what the, you know, whether you could be charged twice for it. But I think that's sort of beside the point. I'm not talking about double jeopardy. Let's say I'm waived by double jeopardy. But sure, the indictment could read that you, the basis of the- Unlawful use. Correct, the basis for the charge could be the unlawful use. That's exactly what was the case in Rodriguez. Now, obviously in Rodriguez, that was a violation of supervised release. But the whole thrust of that- Was there a Mr. Hansmeier in that case making this argument? That there was no prohibition against the unlawful use of the substance? To be honest, I didn't go back and read the briefs, but what the decision said, and what is, I think, binding here, even though it arose in a different context, is that the defendant's use of cocaine violated 21 U.S.C. 844-A. Sure, lots of cases- It was unlawful. To take Judge Matheson's point, I don't, you know, do you think that if we have a, I thought Webster Falls said this about 80 years ago, that if you have a proposition lurking in the background, Judge Hart said it in a case called Cantu, if you have a case that has a proposition lurking in the background and it's not discussed or decided by the court, then it doesn't stand for that proposition. Right, so I have two responses to that. The first is from this court's president, which is Bennett Footnote 5. In Bennett Footnote 5, this court did address that question. In Bennett, the question, it was a guidelines case, but it was addressing whether the defendant was a prohibited person under Section 922 G3, specifically whether he was an unlawful user. To be sure, as Mr. Hansmeier states, a lot of that opinion focused on the regular and ongoing use, but not Footnote 5. Footnote 5 talks specifically about the unlawful part of unlawful user, and what the court says is that. Okay, Footnote 5, I don't see the word use in it. I do see the sentence, except for limited circumstances not present here, the mere possession of these substances is illegal. In Footnote 5, I don't see the, maybe I'm just blind, but I don't see the word use, user usage. In the text of the opinion that accompanies the footnote, it says that the defendant admitted using the controlled substance is, and the sentence before that talks about being an unlawful user. So I think when you read Footnote 5 after the two sentences that precede where the footnote is dropped in that opinion, it's very clear that what the court is doing is saying the focus of this opinion may be this regular and ongoing use, but we're gonna say clearly here why we think it's unlawful. And the reason we think it's unlawful is because this defendant couldn't even possess these drugs, must let much less use them. And so that's what makes the use unlawful. So I just simply disagree with the premise that this court has never addressed it. I think this court has addressed it. And the second point that I would make is just that this court's, the premise of the defendant's argument here is that the plain language of the statute makes it obvious that using heroin is lawful. This court has addressed vagueness challenges to 1983, sorry, to 922G, to multiple times in Edwards and Morales-Lopez over and over again, and the court over and over again says this statute clearly covers this defendant's conduct. Why? Because this defendant used a controlled substance, regularly and ongoingly contemporaneous with the possession of a firearm. And I think actually the whole idea of lurking in the background gets flipped on its head here because I think it's actually Mr. Davey that's arguing that there was this massive issue that's been lurking that nobody had. Can you say that anybody's ever made this argument in any of the cases that you're relying on? I did not go back and read the briefs, but frankly. Or even the discussion in the opinion. Right, I would point you to Bennett, and that's controlling. And so where in Bennett, in the text accompanying footnote five, does it say the defendant, Mr. Bennett, argues that the word unlawful is a modifier for the noun user, and there is no criminal prohibition against usage, there's a criminal prohibition against possession, and possession and usage are two distinct act. Is there anything like that? To be sure, the court didn't do that, but I don't think the court is required to do that, nor do I think that in this court's practice of interpreting its own precedent, does it treat the briefs as more precedential than the opinion itself. If the opinion says something, which this court said in Bennett footnote five, I don't think then this court would say, well, Bennett might have said that. Let me go back and see if a party argued that to decide whether we're gonna actually follow our precedent or not. So I just don't, I don't think that is how this court typically interprets its precedent, to sort of toggle the weight based on how, whether the argument was made by a party or not, or how well it was briefed, et cetera. I guess I keep coming back to, nothing in 922G ties it to whether you can be criminally prosecuted for the use. It says whether the use is unlawful. That's right. If it's a Schedule I substance, we know there is no lawful use as a matter of law. That's right, that is absolutely correct. There is no lawful use for a Schedule I substance, period. So I've been thinking about Judge Bacharach's hypothetical, and it strikes me that the scenario he sketched out is probably what happens in pretty much every instance of personal use. You've gotta obtain and possess the drug before you can use it, right? You've gotta, before you can inject it, or ingest it, whatever it happens to be. So before the use, the possession has occurred, and that would be unlawful. And so then the question became, well, okay, but wait a minute. Now, that same person is gonna use it, but they've already committed the possession. But wouldn't one way of looking at it is that now they're gonna use it, but it's sort of, the possession is a continuing offense. You're still possessing the drug while you're using it. I think that's right. Yeah, I think that's right. You possess it when you take physical custody of it. The person would then possess it as they, I don't know how you use heroin, but as they use it, as they ingest it, and then they would continue to possess it in their body. That's what this court said, and I believe it was Hammonds, for as long as it's within their body. And your question gets at an important point because Mr. Davey argues that the government and the district court are conflating possession and use, but we're not. We're not conflating them at all. If Mr. Davey had possessed heroin and possessed it on a daily basis and possessed firearms without using the heroin, that's not a 922G3 offense because he didn't use it. The offense is the fact that he used it. Use is a subset, is a form of possession, but they're not coterminous, and that's not what the district court said. In fact, the district court was very clear that possession precedes use. The district court judge saw them as two distinct, but sort of related, nested acts, and that's our position as well. We're not conflating use and possession, and I think that's important to remember. I think also with respect to this idea of a prescription and where that piece of it comes in, obviously with respect to heroin, it has no place because there's no way to get a prescription for heroin. There's no lawful use for heroin, but the prescription piece of this that the Eighth Circuit keyed in on, the Seventh Circuit and Cook also used that same language. It is in the ATF interpretation of the statute. It comes from 844A itself because it says knowingly or intentionally possess unless you have a valid prescription for the controlled substance, and so it's not coming out of thin air. It's coming straight from the provision that makes use unlawful, and so I guess I will just go back to that it is not, there is no way to lawfully use heroin. There's no way to lawfully use any controlled substance that a person does not lawfully possess. That's what this court was saying in Bennett. That's what this court has said for decades, Rockwell, Hammonds, Rodriguez, all of those cases, and here that fits Mr. Davies' conduct to a T that he was unlawfully using heroin on a daily basis while he possessed firearms. And I guess the last point I would make unless there are further questions, and Judge Baccarat getting back to your question about separating use from possession, I think it's important to take a step back and remember when we're talking about the Controlled Substances Act, when we're relying on 21 U.S.C. 844A, the Congress in the Controlled Substances Act was getting at improper use of controlled substances by targeting possession, and one way that we know that is because in the list of purposes for enacting the Controlled Substances Act to begin with, and I would point you to 21 U.S.C. 8012 is that was to prohibit the improper use of controlled substances which was wreaking havoc on the general health and welfare of the American people. And then again in 21 U.S.C. 812B1, it talked about Schedule I substances having no medically approved or proper use, and so the Congress in the statute that we are looking at didn't treat possession and use as separate. It treated them as together, and the way that use was prohibited was by prohibiting it as a subsidiary to possession. And so I would just point you to those portions of the Controlled Substances Act. I see my time is up. Thank you for your time. I would ask the court to affirm. Thank you, counsel. All right, let me see if I can get out five quick points. So first, on Bennett footnote five, we discussed this on pages 11 to 12 of the reply brief, pages 24 to 25 of the opening brief. I'll just basically rest on that, but note Bennett was an unlawful user. It was unlawful for him to use in Wyoming. There's a statute that prohibits unlawful use. So that case, you know, you can't read that footnote any broader than what it was. And also we discussed in the opening brief the issues that were actually raised in Bennett, and this wasn't one of them. That leads into my second point, which is to Judge McHugh, your point about, you know, this idea that possession is unlawful, use is unlawful. Think about what that does to every unlawful use statute that exists in the world. I mean, they essentially become superfluous because it's just possession, not use. We're not really, my third point, we're not really conflating possession and use so much as we're defining unlawful user in grammatical terms. It's an individual who uses a controlled substance. The government essentially defines that term as an individual who uses a controlled substance he cannot lawfully possess. That language just isn't in the statute. To the fourth point, you can't get there by going to the Controlled Substances Act because the Controlled Substances Act is not cross-referenced in section 922G3. Well, I don't follow that argument. I mean, you want us to look at state law to decide whether it was unlawful to use. And it's not cross-referenced. By using the term unlawful, we necessarily have to look at other laws. So why can't we look at the Controlled Substances Act and whether it's a Schedule I substance for which there is no lawful use? Well, so I think you can look to the Controlled Substances Act to determine whether Congress has prohibited use, just like you can look to any state law to determine whether Congress has prohibited use. What I'm saying is there's no basis to look to the Controlled Substances Act to adopt a definition of unlawful user that is atextual because we have a cross-reference to one portion of that Act, section 802, and nothing else. And the case law is very clear that when you have a cross-reference to one section of a provision and no other provisions, you don't consider the other provisions. And we talk about that case law. And I'm out of time. Thank you. Thank you, counsel. Interesting case, and appreciate the arguments this morning. Case will be submitted. Counsel are excused.